# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

FRANK RODRIGUEZ,

    Plaintiff,

v.

STATE PAROLE BOARD,

    Defendant.

Civ. No. 19-7858 (FLW) (LHG)

**MEMORANDUM OPINION**

## FREDA L. WOLFSON, U.S.D.J.

Plaintiff, Frank Rodriguez ("Rodriguez" or "Plaintiff"), a state prisoner, filed *pro se* with the Court a complaint alleging claims under 42 U.S.C. § 1983. The filing fee for a civil complaint is $400.00. If a prisoner plaintiff is proceeding *in forma pauperis*, the fee is $350.00, subject to being paid in installments as described below.

A prisoner who seeks to proceed *in forma pauperis* must submit an affidavit, including a statement of all assets, stating that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id*.

Even if a prisoner is granted *in forma pauperis* status, **he must pay the full amount of the filing fee of $350.00 in installments**. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal

to 20% of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

In this case, Rodriguez has submitted an affidavit to proceed *in forma pauperis* accompanied by some certified trust account statements. (*See* ECF Nos. 1-1 & 1-2.) This *in forma* pauperis application fails to comply with the requirements of 28 U.S.C. § 1915(a)(2) because the statements cover a period of only two months—not the six required by § 1915(a)(2). Accordingly, Rodriguez's application to proceed *in forma pauperis* is denied without prejudice. The Clerk is ordered to administratively close this case. Rodriguez may reopen this action, however, by either paying the filing fee or submitting an *in forma pauperis* application and complete certified account statement.

I additionally note, however, that Rodriguez seems primarily to be raising a challenge to his sentence or to his present incarceration for a violation of parole. (*See* Compl., ECF No. 1.) In addition to "change of laws" and "compensation to be determin[]ed at a future date," he also demands as relief "early release." (*Id.* ¶ 7.) Insofar as Rodriguez is challenging his sentence or

to 20% of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

In this case, Rodriguez has submitted an affidavit to proceed *in forma pauperis* accompanied by some certified trust account statements. (*See* ECF Nos. 1-1 & 1-2.) This *in forma* pauperis application fails to comply with the requirements of 28 U.S.C. § 1915(a)(2) because the statements cover a period of only two months—not the six required by § 1915(a)(2). Accordingly, Rodriguez's application to proceed *in forma pauperis* is denied without prejudice. The Clerk is ordered to administratively close this case. Rodriguez may reopen this action, however, by either paying the filing fee or submitting an *in forma pauperis* application and complete certified account statement.

I additionally note, however, that Rodriguez seems primarily to be raising a challenge to his sentence or to his present incarceration for a violation of parole. (*See* Compl., ECF No. 1.) In addition to "change of laws" and "compensation to be determin[]ed at a future date," he also demands as relief "early release." (*Id.* ¶ 7.) Insofar as Rodriguez is challenging his sentence or

his present incarceration, he may do so only by filing a petition for writ of habeas corpus, under 28 U.S.C. § 2254, not with a civil suit under § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (explaining that litigants must "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody"). Thus, this civil action cannot result in Rodriguez's early release. If Rodriguez seeks to challenge his sentence or obtain release from prison, he must do so by way of a properly filed petition for writ of habeas corpus. I will direct the Clerk to send Rodriguez a form petition for writ of habeas corpus in the event that this is an avenue of relief he wishes to pursue.

An appropriate order follows.

DATED: March 6, 2019 /s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge