UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK RODRIGUEZ,

        Plaintiff,

v.

STATE PAROLE BOARD,

        Defendant.

Civ. No. 19-7858 (FLW) (LHG)

**MEMORANDUM OPINION**

**FREDA L. WOLFSON, U.S.D.J.**

      Plaintiff, Frank Rodriguez ("Rodriguez" or "Plaintiff"), is proceeding *pro se* with this Complaint asserting violations of his civil rights under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Court initially administratively terminated the action due to deficiencies in Rodriguez's application to proceed *in forma pauperis*. (ECF Nos. 3 & 4.) Rodriguez subsequently paid the $400 filing fee. The Court now screens the Complaint under 28 U.S.C. § 1915A. For the reasons stated herein, Rodriguez's claims against the State Parole Board are dismissed with prejudice, but Rodriguez will be permitted an opportunity to file an amended complaint.

      Rodriguez explains that sometime around 2004 he pleaded guilty to endangerment of a child and was sentenced to a suspended prison sentence and parole supervision for life. (ECF No. 1 at 5.) He seems to indicate that he was punished for parole violations in April 2007, January 2011, and February 2018. The Court infers that his present incarceration stems from his most recent parole violation. Rodriguez alleges, "My rights was violated sense 2005, the Amendments which was violated 5th 8th 9th 14th. [Since] I was on parole I didn't commit no new crime, so parole keeps violating me for the same offense." (*Id.* at 6.) By filing this lawsuit,

Rodriguez seeks as relief "change of laws, class action suit, early release, compensation to be determin[]ed at a future date." (*Id.*)

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 1915A(b)).

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in rule on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se

litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Rodriguez names the State Parole Board as the only defendant to this action. (*See* ECF No. 1.) The State Parole Board, however, is not a person amenable to suit under § 1983. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 70–71 & n.10 (1989); *Madden v. N.J. State Parole Bd.*, 438 F.2d 1189, 1190 (3d Cir. 1971); *see also Corradi v. N.J. State Parole Bd.*, No. 16-5076, 2017 WL 5762391, at * 2 (D.N.J. Nov. 28, 2017). As such, the Court will dismiss Rodriguez's claims against the State Parole Board with prejudice, as that entity is not a proper

defendant to a § 1983 claim.[1]  The Court will, however, permit Rodriguez to file an amended complaint against a proper defendant within 30 days.

For the reasons explained above, Rodriguez's claims against the State Parole Board are dismissed with prejudice.  Rodriguez has leave to file an amended complaint asserting factual allegations against a proper defendant within 30 days from the entry of the accompanying Order.


DATED:  May 6, 2019                                          /s/ Freda L. Wolfson
                                                                                                       FREDA L. WOLFSON
                                                                                                       United States District Judge

---

[1] Instead, a plaintiff must sue the specific government officials who allegedly violated his civil rights.  Rodriguez should note that government officials may not be held vicariously liable for the actions of their subordinates under a theory of *respondeat superior* in a § 1983 action. *Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009).  Because § 1983 claims do not permit recovery for vicarious liability, Plaintiff must "plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.